IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DAN JEREMY SMITH,

    Plaintiff,

vs.                               CIVIL ACTION NO.: CV507-098

KEITH B. HARLKEROAD,

    Defendant.

## MAGISTRATE JUDGE'S ORDER
## AND REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coastal State Prison in Garden City, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that his court-appointed attorney, Defendant Keith B. Harkleroad, failed to adequately represent him during his criminal trial. Specifically, Plaintiff alleges that Defendant refused to communicate with him, coerced him into admitting guilt, and failed to properly prepare for trial and defend him. Plaintiff asserts that Defendant's actions amount to "professional negligence."

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir.2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the

2

deprivation must be a person who may fairly be said to be a state actor.' " Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir.2000) (emphasis in original) (citation omitted). A criminal defense attorney simply does not act under color of state law for purposes of § 1983 liability where he performs traditional lawyer functions in representing a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981).

Because Defendant was performing traditional lawyer functions in his representation of Plaintiff, he was not acting under color of state law. Therefore, Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim. Furthermore, Plaintiff's request to proceed in forma pauperis is hereby **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 10th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE